**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MONTA BROWN,**

**Plaintiff,**

**v.** **Civil Action No. 3:24cv228**

**LIEUTENANT T. GREEN,** ***et al.*****,**

**Defendants.**

**MEMORANDUM OPINION**

Plaintiff, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action. By Memorandum Order entered on May 22, 2024, the Court explained that, although it ultimately remains Plaintiff's responsibility to complete service of process, the Court would attempt to serve Defendants pursuant to a formal electronic service agreement with the Attorney General's Office for the Commonwealth of Virginia. (ECF No. 4, at 1.) On June 12, 2024, the Attorney General's Office declined service. (ECF No. 7.) The Attorney General's Office provided Defendants' last known addresses under seal and by Memorandum Order entered on June 28, 2024, the Court ordered the United States Marshals Service (the "Marshals") to serve Defendants. (ECF No. 11.)

Defendant Green was served and has filed an Answer *pro se*. (ECF No. 17.) Defendant Boone was served on July 2, 2024, but has not filed a response to the Complaint. (ECF No. 14, at 4.) The Marshals returned the summons for Defendants Smith, Daughtry, and Richie unexecuted. (ECF Nos. 13, 16, 18.)

Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff has 90 days to serve Defendants. Here, that period commenced on May 22, 2024. More than 90 days have elapsed, and Plaintiff has not served Defendants Smith, Daughtry, and Richie. Accordingly, by Memorandum Order entered on October 25, 2024, the Court directed Plaintiff to show good cause, within twenty (20) days of the date of entry thereof, why the action against Defendants Smith, Daughtry, and Richie should not be dismissed without prejudice. Plaintiff has filed a response. (ECF No. 21.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However,

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

At most, Plaintiff contends that he does not have the addresses for Defendants Smith, Daughtry, and Richie and that the Marshals should "complete service as provided by the Attorney General's Office [who] provided the last known addresses as shown (ECF No. 8) under seal." (ECF No. 21, at 1.) The Court already directed the Marshals to serve Defendants Smith, Daughtry, and Richie at those last known addresses under seal and the Marshals were unable to serve the Defendants at those addresses. Even though Plaintiff is proceeding *pro se*, it was his responsibility to find an address where Defendants Smith, Daughtry, and Richie could be served and send the addresses to the Court. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated).

Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court must grant the extension"). Here, however, the Court is

unpersuaded that the circumstances warrant a discretionary extension. Accordingly, all claims against Defendants Smith, Daughtry, and Richie will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 11/15/2024
Richmond, Virginia