**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MONTA BROWN,**

**Plaintiff,**

**v.** **Civil Action No. 3:24cv228**

**LIEUTENANT T. GREEN,** ***et al.*,**

**Defendants.**

**MEMORANDUM OPINION**

Monta Brown, a Virginia inmate proceeding *pro se*, and a frequent litigant in this Court, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Opinion and Order entered on August 6, 2026, the Court granted Defendants' Motion for Summary Judgment and dismissed the action with prejudice. *Brown v. Green*, No. 3:24cv228, 2026 WL 2271412, at *6 (E.D. Va. Aug. 6, 2026). The matter is now before the Court on a "REQUEST TO FILE AMICUS CURIAE BRIEF" by another Virginia Department of Corrections ("VDOC") inmate, Wakeel Abdul-Sabur ("Request," ECF No. 56). For the reasons explained below, the Request will be DENIED.

As noted above, on August 6, 2026, the Court dismissed the action with prejudice because Brown failed to exhaust his administrative remedies before filing his complaint. *Brown*,

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

2026 WL 2271412, at *6. Brown did not appeal. Abdul-Sabur seeks to file his amicus brief due to "fraud upon the Court which deems reopening this case is appropriate to reach the ends of justice" because VDOC staff violated the "prison mailbox rule."[2] (ECF No. 56-1, at 1, 7–8.) Essentially, Abdul-Sabur is now attempting to litigate Brown's dismissed § 1983 complaint on the grounds of administrative exhaustion.

A federal district court has "broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). Courts have allowed briefs by *amici curiae* when: (1) the briefs "provide helpful analysis of the law;" (2) the amici "have a special interest in the subject matter of the suit"; or, (3) "existing counsel is in need of assistance." *Id.* (quoting *Bryant v. Better Business Bureau*, 923 F. Supp. 720, 727 (D. Md. 1996) (internal quotation marks omitted)). A court should only grant leave to file an amicus curiae brief if the court "deems the proffered information timely and useful." *Id.* (internal citations and quotation marks omitted).

Here, the Request is untimely and does not convince the Court that an *amicus curiae* brief would be useful. As to timeliness, Federal Rule of Appellate Procedure 29[3] provides that an amicus brief, "accompanied by a motion for filing when necessary," must be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. Proc. 29(a)(6). Here, Abdul-Sabur ostensibly supports Brown, and his Request was therefore due by

---

[2] With respect to filings received by the federal court, the "prison mailbox rule" refers to the Court deeming a submission filed as of the date the inmate swears he placed the submission in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] "There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court. District courts therefore have discretion whether to grant or deny such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level." *Am. Humanist Ass'n v. Maryland-Nat'l Cap. Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014).

January 9, 2026, seven days after Brown opposed Defendants' Motion for Summary Judgment. (*See* ECF No. 50.) Abdul-Sabur failed to file his Request until September 3, 2026, nearly eight months after the Request must have been filed, and a month after the Court had already dismissed this action with prejudice. The Request is clearly untimely.

In part due to its untimeliness, the Request is also not useful, as it cannot "assist the Court in resolving the underlying action or the already-adjudicated motion [for summary judgment]." *Church of Celestial Heart v. Garland*, No. 1:23-cv-00545-SAB, 2024 WL 3569219, at *2 (E.D. Cal. July 29, 2024). Even if the Request had been timely, the legal issues identified and discussed in the Complaint, Motion for Summary Judgment, and the Memorandum Opinion and Order entered on August 6, 2026 are not complex, and Abdul-Sabur has not convinced the Court that he would have provided "helpful analysis of the law." *Tafas*, 511 F. Supp. 2d at 659 (quoting *Bryant*, 923 F. Supp. at 727).

For the foregoing reasons, the Request (ECF No. 56) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/2/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge